# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **DANNY RAY BARRETT,** | ) | |
| **ID # 37245-177,** | ) | |
| Movant, | ) | No. 3:11-CV-0133-B (BH) |
| vs. | ) | No. 3:07-CR-0358-B (01) |
| | ) | ECF |
| **UNITED STATES OF AMERICA,** | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.

## I. BACKGROUND

Danny Ray Barrett ("Movant"), an inmate currently incarcerated in the federal prison system, filed a *Motion to Vacate, Set Aside, or Correct Sentence* ("Mot.") pursuant to 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:07-CR-0358-B. The respondent is the United States of America ("Government").

On March 25, 2008, Movant was charged by a superseding indictment with access device fraud, social security number fraud, aggravated identity theft, and wire fraud. (*See* Superseding Indictment, doc. 37).[1] Movant pled guilty to one count each of access device fraud and wire fraud pursuant to a plea agreement. On September 10, 2009, he was sentenced to 120 months on each count, to be served concurrently. (*See* Amended Judgment, doc. 109). The Fifth Circuit dismissed Movant's direct appeal on December 9, 2010, as being barred by the appeal waiver in his plea agreement. *United States v. Barrett*, No. 09-10937 (5th Cir. Dec. 9, 2010). On January 19, 2011, the Court received this motion to vacate.

---

[1] All document numbers refer to the docket number assigned in the underlying criminal action.

## II. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Such waiver is also sufficient to summarily dismiss a motion filed pursuant to § 2255.

In his plea agreement filed with the Court on March 9, 2009, movant waived "his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence." Movant further waived "his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." He specifically reserved the rights "(a) to bring as a direct appeal of (i) a sentence exceeding the statutory maximum, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel." (doc. 88, p. 7).

In his motion, movant does not contest either the voluntariness of his plea of guilty or waiver of appellate rights, and he does not allege that his attorney rendered ineffective assistance of counsel. He contends that the Court erred in structuring his sentence by not properly apportioning his sentence between the two counts to which he pled guilty (Motion at 5, 12). Movant made a similar claim on direct appeal that was dismissed because it neither alleged a sentence that exceeds the statutory maximum or an arithmetic error at sentencing. *United States v. Barrett*, slip op. at 2-3. Because movant has not raised a claim of ineffective assistance of counsel or a claim that his guilty plea was involuntary, his informed and voluntary waiver bars collateral relief in this case.

Furthermore, his claim has already been dismissed by the Fifth Circuit as being barred by his plea agreement. Consequently, the Court should summarily dismiss this case.

### III. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### IV. RECOMMENDATION

Movant's motion to vacate, set aside, or correct sentence should be summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED this 26th day of January, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE